UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-CR-0026-CVE |
| | ) |
| JOHN WILLIAM THOMAS FLECHS, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is defendant John William Thomas Flechs's motion to dismiss or, in the alternative, motion to clarify the criminal charge against him (Dkt. # 23), and plaintiff's response (Dkt. # 25). On February 19, 2021, a grand jury returned a single-count indictment charging defendant with attempted coercion and enticement of a minor. Dkt. # 2.

**I.    Defendant's Motion to Dismiss**

Defendant argues that the indictment is defective and must be dismissed for lack of specificity under Fed. R. Crim. P 12(b)(3)(B)(iii), and for failure to state an offense under Fed. R. Crim. P. 12(b)(3)(B)(v). Dkt. # 23, at 3-4. Specifically, defendant argues that plaintiff "cannot meet its evidentiary burden" to show that defendant "took a substantial step towards the commission of the ultimate crime, and that such step was more than mere preparation." Id. at 3-5. Further, defendant argues that "[i]t is not clear on the face of the complaint [sic], or from discussion with the government, which messages the government relies on to prove" the charge in the indictment; thus, defendant "cannot prepare a proper defense in this case." Id. at 8. Plaintiff responds that defendant "seeks to challenge the sufficiency of the government's evidence by attacking the indictment[,]"

which is a "matter[] to be determined at trial and should not be considered in a pretrial motion to dismiss." Dkt. # 25, at 4-5. Plaintiff further responds that the indictment and discovery are sufficient to allow defendant to prepare a defense and avoid double jeopardy. Id. at 3.

The Tenth Circuit has held that an indictment is sufficient if it includes 1) the date of the offense; 2) tracks the language of the statute; and 3) states the elements of the offense. United States v. Salazar, 720 F.2d 1482, 1486 (10th Cir. 1983). In other words, "an indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." United States v. Todd, 446 F.3d 1062, 1067 (10th Cir. 2006) (quoting United States v. Dashney, 117 F.3d 1197, 1205 (10th Cir. 1997)). An indictment may not be challenged based on the strength or weakness of the government's case, but only on whether the allegations, if taken as true, support an indictment. Id. A very narrow exception to the rule against assessing the factual underpinnings of an indictment exists when undisputed facts establish that, "as a matter of law, the government is incapable of proving its case beyond a reasonable doubt." Id. at 1068 (quoting United States v. Hall, 20 F.3d 1084, 1088 (10th Cir. 1994)). "Dismissals under this exception are not made on account of a lack of evidence to support the government's case, but because undisputed evidence shows that, as a matter of law, the defendant could not have committed the offense for which he was indicted." Todd, 446 F.3d at 1068; see, e.g., Hall, 20 F.3d at 1085-86 (indictment dismissed where defendant was charged with knowingly using a pistol during a drug trafficking offense but offered undisputed evidence that he was not present when drugs were found in his home); United States v. Brown, 925 F.2d 1301, 1305 (10th Cir. 1991) (indictment dismissed where government admitted it could not

provide evidence demonstrating stolen intellectual property involved stolen physical goods and statute at issue required such a showing).

Here, the indictment includes a date range for the charged offense of on or about January 15, 2021, to on or about January 19, 2021; tracks the language of 18 U.S.C. § 2422(b); and includes the elements of the offense. Compare Dkt. # 2 with 18 U.S.C. § 2422(b). Moreover, defendant fails to point to undisputed facts that establish, as a matter of law, that plaintiff is incapable of proving the charge against him beyond a reasonable doubt. Rather, defendant is challenging the strength or weakness of plaintiff's case based on the evidence against him, which is an impermissible challenge to the sufficiency of an indictment and a question for a jury to decide. Therefore, the Court finds that the indictment is sufficient, and defendant's motion to dismiss for lack of specificity and failure to state an offense should be denied.

**II.     Defendant's Motion to Clarify**

Defendant moves, in the alternative, for the Court to "compel[] the government to clarify which messages . . . it relies [upon] to prove its case."[1] Dkt. # 23, at 8.

Under Fed. R. Crim. P. 7(c), an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." If a defendant seeks more definite information about the charges against him, his remedy is to file a motion for a bill of particulars. Doe, 572 F.3d at 1176. "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense." United States v. Ivy, 83 F.3d 1266, 1281 (10th Cir. 1996). A bill of particulars may be required when the

---

[1]  The Court will treat defendant's request as a motion for a bill of particulars because it is essentially a request for more definite information. See United States v. Doe, 572 F.3d 1162, 1176 (10th Cir. 2009).

indictment fails to give defendant notice of the government's theory of the case, but a defendant is not entitled to a bill of particulars to seek information about what evidence the government intends to introduce at trial. United States v. Dunn, 841 F.2d 1026, 1030 (10th Cir. 1988) ("defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case"). "If the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges . . . to enable him to prepare for trial, a bill of particulars is not necessary." Doe, 572 F.3d at 1176 (internal citation omitted).

Here, the indictment provides a plain, concise, and definite written statement of the essential facts constituting the offense; specifically, it states that from on or about January 15, 2021, to on or about January 19, 2021, defendant used a facility or means of interstate or foreign commerce to knowingly attempt to induce, entice, or coerce a minor to engage in sexual activity. Dkt. # 2. Moreover, plaintiff has produced all of the discovery in this case, "including the police report, text messages between Flechs and [a police officer] posing as a 14-year-old boy, and a recording of Flechs after he was taken into custody and waived his Miranda rights." Dkt. # 25, at 7. The Court finds that, taken together, the indictment and discovery in this case provide defendant with ample information to sufficiently prepare his defense. Defendant's desire to know specifically which evidence plaintiff will present in its case-in-chief does not entitle him to a bill of particulars. See Dunn, 841 F.2d at 1030. Thus, defendant's motion to clarify should be denied.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss or, in the alternative, motion to clarify the criminal charge against him (Dkt. # 23) is **denied**.

**DATED** this 6th day of January, 2022.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE